UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



FILED
JUL 28 2008

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRADY DEAN ARTHUR a/k/a "bda_buster",<br><br>Defendant. | CR08-40031<br><br>PLEA AGREEMENT |

The defendant, the defendant's attorney, and the United States Attorney for the District of South Dakota hereby submit the following plea agreement to the United States District Court, which agreement was reached pursuant to discussions between the United States Attorney and the defendant's attorney. The agreement is as follows:

**A.   ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDERSTANDING OF MAXIMUM PENALTIES:** The defendant agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalty therefor, and that he understands same. The defendant further agrees that he understands that by entering a plea of guilty as set forth hereafter, he will be waiving certain statutory and constitutional rights to which he is otherwise entitled, and that there will be no trial.

**B.   PLEA AGREEMENT PROCEDURE:** The United States and the defendant agree that this plea agreement is presented to the Court pursuant to Rules 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, which provide, among other things, that the United States will

move for dismissal of other charges and that the United States will make certain recommendations, but that such recommendations are not binding on the Court and that the defendant may not withdraw his plea of guilty if the Court rejects such recommendations.

**C.     PLEA TO CHARGE:** The defendant will plead guilty to Count 1 of the Indictment filed in this case, which charges the violation of 18 U.S.C. § 1470, Attempted Transfer of Obscene Material to a Minor. The charge carries a maximum sentence of 10 years in prison, a $250,000 fine, or both, and a period of supervised release of 3 years. If the defendant is found to have violated a condition of supervised release, he may be incarcerated for an additional term of up to 2 years on any such revocation. There is a $100 assessment to the victims' assistance fund. Restitution may also be ordered.

Upon acceptance of the plea by the Court and the imposition of sentence, this section shall be treated as a motion to dismiss the remaining count in the Indictment as it pertains to the defendant pursuant to the terms of this plea agreement.

**D.     RECOMMENDATIONS REGARDING SENTENCE:** The United States agrees that unless there is significant evidence disclosed in the presentence investigation to the contrary, it will recommend that the Court find that the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and in recognition thereof, in accordance with U.S.S.G. § 3E1.1(a), reduce the defendant's offense level by two levels.

The United States and the defendant also recognize that pursuant to U.S.S.G. § 3E1.1(b), the defendant may qualify for a further decrease if the offense level is level 16 or greater. If it is determined that the offense level is 16 or greater, and assuming U.S.S.G. § 3E1.1(b) applies, the

United States will join the defendant in asking the Court to reduce his offense level by an additional one level.

The defendant understands and agrees that these recommendations are conditioned upon his full, complete, and truthful disclosures to the United States Probation Office.

At sentencing, both the United States and the defendant are free to recommend whatever sentence each feels is appropriate, within statutory limits, and make arguments in support thereof. The defendant understands that any recommendation made by the United States or the defendant is not binding on the Court. The defendant further understands that he may not withdraw his plea of guilty if the Court rejects any recommendation.

**E.     STIPULATED OFFENSE LEVEL:** It is further understood that in connection with the defendant's plea and sentencing, the United States and the defendant stipulate that the base offense level upon which the defendant's sentence is to be initially calculated, pursuant to U.S.S.G. § 2G3.1(a), is 10; it is further stipulated that pursuant to U.S.S.G. § 2G3.1(b)(1)(C), the offense level should be increased by 5, in that the offense involved the attempted distribution of obscene matter to a minor; it is further stipulated that pursuant to U.S.S.G. § 2G3.1(b)(2)(3), the offense level should be increased by 2, in that the offense involved the use of a computer, for a total offense level of 17. The defendant understands that this stipulation is not binding upon the Court. The defendant further understands that should the Court not follow the terms of this stipulation and agreement, he will not be allowed to withdraw his plea.

**F.     MONETARY OBLIGATIONS:** The Court may also order payment of a special assessment and/or fine. In the event that such monetary obligations are ordered, payment shall be remitted by money order, certified check, or cashier's check to the U.S. Clerk of Court. Until such

time as payment is remitted in full, the defendant agrees to provide to the United States Attorney's Office no later than two weeks prior to sentencing a completed financial statement, an executed Authorization to Release Financial Records and Documents, and an executed Authorization to Release Tax Returns and Attachments. The defendant also agrees to provide copies of current earning statements and copies of W-2s for the last two years. The defendant further agrees to provide an updated financial statement each 12 months thereafter until payment is remitted in full.

The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court.

The defendant also agrees that if he is incarcerated, he will participate in the inmate financial responsibility program during any period of incarceration in order to pay the special assessment, fine, costs, orders of restitution, or other financial judgment imposed as part of the sentence in this case. The defendant's agreement to participate in the inmate financial responsibility program does not limit the United States' right to pursue collection of financial penalties from other available sources.

**G.     NO FURTHER PROSECUTION:** The United States agrees that there will be no further federal criminal prosecution of the defendant in the District of South Dakota based on the information and evidence now available to the United States regarding the defendant's involvement with the offenses charged in the indictment filed in this case.

**H.     VIOLATION OF TERMS AND CONDITIONS:** The defendant acknowledges and understands that if he violates the terms of this plea agreement, engages in any further criminal activity, or fails to appear for sentencing, this plea agreement shall become voidable at the discretion of the United States, and the defendant will face the following consequences:

(1)  All testimony and other information he has provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against him in any prosecution or proceeding.

(2)  The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the defendant, and to use any information obtained directly or indirectly from the defendant in those additional prosecutions.

(3)  The United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

**I.  SEX OFFENDER REGISTRATION.**  The defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he will be required register and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee, and where he is a student.  He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status.  He has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**J.  BASIS FOR PLEA OF GUILTY:**  The defendant agrees that the statement of facts constituting the basis for his guilty plea in this case, appended hereto and incorporated herein by this reference, is a true and accurate statement of his actions or omissions with regard to the charges to which he is entering a plea, and that the Court may rely thereon in determining the basis for his plea of guilty as provided for in this plea agreement.

**K.     WAIVER OF SPEEDY TRIAL:** The defendant agrees to waive any right he may assert under the Speedy Trial Act. This waiver is necessary so the Court will have the benefit of all relevant information at sentencing.

**L.     PAYMENT OF SPECIAL ASSESSMENT:** The defendant agrees to remit to the U.S. Clerk of Court, 400 S. Phillips Ave., Sioux Falls, SD 57104, no later than two weeks prior to sentencing, a certified or cashier's check payable to the "U.S. Clerk of Court" in the amount of $100, in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013.

If the defendant does not have the financial resources with which to pay the assessment, he agrees to provide supporting documentation by completing the Financial Statement and signing the releases provided by the United States and submitting the same to the United States Attorney's Office no later than two weeks prior to sentencing. The defendant further agrees to participate in the Bureau of Prison's Inmate Financial Responsibility Program and pay the assessment while incarcerated. If there is no period of incarceration ordered, the defendant agrees that payment of the assessment shall be a condition of probation.

**M.     PARTIES BOUND:** It is further understood and agreed that this agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**N.     SCOPE OF AGREEMENT:** This agreement shall include any attachments, exhibits or supplements designated by the parties. It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

**O.	WAIVER OF DEFENSES AND APPEAL RIGHTS:** The defendant hereby waives any right to appeal any and all motions, defenses, probable cause determinations, and objections which he has asserted or could assert to this prosecution, and to the Court's entry of judgment against him and imposition of sentence, including sentence appeals under 18 U.S.C. § 3742.

The parties agree that expressly excluded from this waiver of defenses and appeal rights is the defendant's right to appeal his sentence for a determination of "reasonableness" should the Court impose a sentence above the advisory guideline range established by the Court for the offense.

**P.	PLEA AGREEMENT SUPPLEMENT:** The parties will file a Plea Agreement Supplement which is required to be filed in every case in compliance with the Court's Standing Order.

MARTY J. JACKLEY
United States Attorney

July 25, 2008
Date

Jeffrey C. Clapper
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone: (605)330-4400
Facsimile: (605)330-4410
E-Mail: jeff.clapper@usdoj.gov

APPROVED:
MARTY J. JACKLEY
United States Attorney
By:

DENNIS R. HOLMES
Chief, Criminal Division

-7-

7-22-08
Date

_Brady Arthur_
Brady Dean Arthur
Defendant

7/22/08
Date

_Timothy J. Langley_
Timothy J. Langley
Attorney for Defendant